**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-30039 |
| | ) | (Substantively Consolidated) |
| Morgan Administration, Inc., *et al.* d/b/a | ) | |
| Home Owners Bargain Outlet, | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | Hon. Jacqueline P. Cox |
| | ) | |
| SANDOR JACOBSON, not individually but | ) | |
| solely as Creditor Trustee of the Morgan | ) | |
| Administration, Inc., *et al.* Creditor Trust, | ) | |
| | ) | Case No. 20-_____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ACCESS GLOBAL HOME INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 502(d), 547 AND 550**

Sandor Jacobson (the "*Creditor Trustee*"), not individually but solely as Creditor Trustee of the Morgan Administration, Inc., *et al.* Creditor Trust (the "*Creditor Trust*"), by and through his undersigned counsel, files this complaint (the "*Complaint*") to avoid and recover transfers and for related relief pursuant to sections 502(d), 547 and 550 of title 11 of the United States Code (the "*Bankruptcy Code*"), and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), against Access Global Home Inc. (the "*Defendant*"), and hereby alleges as follows:

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number are the following entities: (i) Morgan Administration, Inc. (4200); (ii) Belvidere Associates, LLC (8559); (iii) FP Retail Associates, LLC (0915); (iv) Hillcrest Enterprises, LLC (4581); (v) Jular Media, LLC (0805); (vi) KLS Acquisition Corp. (0925); (vii) Loomis Enterprises, LLC (5451); (viii) North Avenue Associates, LLC (3229), (ix) Oak Creek Distribution, LLC (0634); (x) OL Enterprises, LLC (9401); and (xi) Deforab, LLC (9348).

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding which arises under the Bankruptcy Code, and arises in and relates to a case under the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*"), Case No. 18-30039, under 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. The statutory predicates for the relief requested herein are sections 502(d), 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 7001(1).

## BACKGROUND

5. On October 25, 2018 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.

6. On November 2, 2018, the Court entered an order directing the joint administration of the Debtors' bankruptcy cases.

7. On September 12, 2019 the Court entered an order (the "*Confirmation Order*") confirming the First Amended Joint Chapter 11 Liquidating Plan dated August 8, 2019 (the "*Plan*"). The effective date of the Plan occurred on October 15, 2019.

8. Also on September 12, 2019, the Court entered an order substantively consolidating the Debtors' bankruptcy estates and consolidating them into the surviving estate of Morgan Administration, Inc.

9. The Confirmation Order appointed Sandor Jacobson as the Creditor Trustee for the Creditor Trust and further approved the Creditor Trust Agreement attached to the Confirmation Order as Exhibit 2.

10. Pursuant to Sections 1.1.2 and 1.2.1 of the Creditor Trust Agreement, the Creditor Trust Assets (as defined in the Plan) are vested with the Creditor Trust, including without limitation, all chapter 5 claims and causes of action.

11. Accordingly, the Creditor Trustee has standing to prosecute, defend, and compromise all chapter 5 claims and causes of action on behalf of the beneficiaries of the Creditor Trust.

12. On information and belief, the Defendant is a corporation, organized under the laws of the state of California with its principal place of business in Chino, California.

## COUNT I
### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))

13. The Creditor Trustee repeats and re-alleges the allegations of paragraphs 1 through 12 as though fully set forth herein.

14. During the (90) day period prior to the Petition Date (the "*Preference Period*"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities, including the Defendant.

15. During the Preference Period, the Debtors made one or more transfers to the Defendant totaling at least $21,030.00 (collectively, the "*Transfers*" and individually, a "*Transfer*").

16. A list of the Transfers is attached hereto and incorporated herein as Exhibit A, including the transferor Debtor, the check number, clear date, and transfer amount.

3

17.     Prior to the commencement of this adversary proceeding, the Creditor Trustee issued a demand letter to the Defendant seeking return of the Transfers or, in the alternative, evidence of support for any of its affirmative defenses.

18.     In addition, the Creditor Trustee performed his own due diligence evaluation of reasonably knowable affirmative defenses available to the Defendant including, without limitation, defenses under section 11 U.S.C. § 547(c)(4).

19.     Based upon the Creditor Trustee's review of information provided by the Defendant, if any, prior to the filing of this Complaint and after performing his own due diligence of the reasonably knowable affirmative defenses available to the Defendant, the Creditor Trustee has determined that he may avoid some or all of the Transfers even after taking into account Defendant's potential affirmative defenses.

20.     Upon information and belief, the Defendant was a creditor, within the meaning of section 101(10)(A) of the Bankruptcy Code, of the Debtors at the time of each of the Transfers.

21.     Each Transfer constituted a transfer of an interest of one or more of the Debtors in property; namely, cash.

22.     Each of the Transfers was a transfer to, or for the benefit of, the Defendant because each Transfer either reduced or fully satisfied a debt then owed by the Debtors to the Defendant.

23.     Upon information and belief, each Transfer was made for, or on account of, an antecedent debt owed by the Debtors to the Defendant before such Transfers were made.

24.     Based on the facts and circumstances of these cases and the presumption of insolvency set forth in section 547(f) of the Bankruptcy Code, each Transfer was made while the Debtors were insolvent.

25. Each Transfer was made on or within ninety (90) days prior to the Petition Date.

26. Each Transfer enabled the Defendant to receive more than it would receive if:

   a. The Debtors' cases were cases under chapter 7 of the Bankruptcy Code;

   b. such Transfer had not been made; and

   c. the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

27. By reason of the foregoing, the Creditor Trustee may avoid the Transfers as preferential transfers pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II

### (Recovery of Avoidable Transfers Pursuant to 11 U.S.C. § 550)

28. The Creditor Trustee repeats and re-alleges the allegations of paragraphs 1 through 27 as though fully set forth herein.

29. The Defendant was either: (a) the initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made or (c) an immediate or mediate transferee of an initial transferee.

30. To the extent that the Transfers are avoided pursuant to section 547 of the Bankruptcy Code, the Creditor Trustee may recover the Transfers or their value, from the Defendant or any mediate or immediate transferee pursuant to section 550 of the Bankruptcy Code.

31. By reason of the foregoing, the Creditor Trustee may recover the Transfers or the value thereof from the Defendant pursuant to section 550 of the Bankruptcy Code.

## COUNT III
### (Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

32. The Creditor Trustee repeats and re-alleges the allegations of paragraphs 1 through 31 as though fully set forth herein.

33. Section 502(d) of the Bankruptcy Code provides, in relevant part, that the claim of any entity or transferee receiving a payment that is avoidable under section 547 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment or value of the payment.

34. The Defendant is the transferee of the Transfers.

35. The Defendant has, or may claim to have, a claim or claims against the Debtors' estates.

36. The Defendant has neither paid nor surrendered the Transfers or the value therefor to the Debtors' estates.

37. The Creditor Trustee objects to any and all claims of the Defendant, including without limitation, all pre-petition and post-petition claims pursuant to section 502(d) of the Bankruptcy Code.

38. By reason of the foregoing, any claim which the Defendant has filed must be disallowed pursuant to section 502(d) of the Bankruptcy Code until the Transfers or the value thereof are returned to the Creditor Trust.

WHEREFORE, the Creditor Trustee requests the entry of a judgment against the Defendant granting the following relief:

(a) the Transfers be avoided pursuant to section 547 of the Bankruptcy Code, as applicable;

(b) the Defendant be directed to return the amount of the Transfers to the Creditor Trust pursuant to section 550 of the Bankruptcy Code;

(c) any claims of the Defendant be disallowed pursuant to section 502(d) of the Bankruptcy Code unless and until the amount of such Transfers are returned to the Creditor Trust;

(d) the Court award the Creditor Trustee pre-judgment interest at the legally allowable rate;

(e) the Court assess all fees and costs of this action against the Defendant; and

(f) the Creditor Trustee be granted such other and further relief as is just and proper.

Dated: August 7, 2020  **FREEBORN & PETERS LLP**

By: /s/ Elizabeth L. Janczak
      One of Its Attorneys

Shelly A. DeRousse
Elizabeth L. Janczak
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel:   312.360.6000
Fax:   312.360.6520
Email:  sderousse@freeborn.com
       ejanczak@freeborn.com

*Counsel for the Creditor Trustee*

# EXHIBIT A

*In re Morgan Administration, Inc., et al. d/b/a Home Owners Bargain Outlet*
**Transfers to Access Global Home Inc. During Preference Period**

| Defendant Name | Transferor Debtor | Clear Date | Check No. | Transfer Amount |
|---|---|---|---|---|
| Access Global Home Inc. | Oak Creek Distribution | 8/24/2018 | 46709 | $21,030.00 |
| | | **Total:** | | $21,030.00 |